■ In the Matter of the Claim of Elissa Schnitzer, Respondent, v. How-Sal Jewelers, Inc., et al., Appellants. Workmen's Compensation Board, Respondent.— Aulisi, J. Appeal from a decision of the Workmen's Compensation Board, filed July 18, 1967, in a fatal heart case. On the evening of July 22, 1964, decedent started to put up the metal gates in front of the employer's store as a part of closing up. These gates weighed about 25 to 30 pounds and had to be carried from the rear of the store to the front through a narrow aisle. While carrying the third gate, decedent experienced chest pain and he became gray and perspired. An eyewitness testified that at this point he finished putting up the gates for him. Decedent's wife arrived at the store and found him grayish and perspiring and he told her he had chest pain. They then went to Brooklyn and a short time later returned home. Decedent drove both ways, but continued to complain to his wife of pains and, upon arriving home, he became acutely ill. A doctor was called and decedent was sent to the hospital where he died from what was diagnosed as acute myocardial infarction. A majority of the board panel found that the lifting and carrying of the three metal gates entailed excessive strain and precipitated the onset of coronary symptoms and resulted in the fatal infarction. Appellants contend that the board findings of accident and causal relation are not supported by substantial evidence. They rely primarily on the lack of history of the lifting and carrying episode being given to the attending physician and inconsistent statements in the record. They also contend claimant's medical testimony is conjecture. There is substantial evidence in the record to sustain the board's determination. Claimant and an unrelated eyewitness testified as to decedent's physical activities and subsequent illness and we cannot say as a matter of law that the board erred in crediting this description of the occurrence (*Matter of Fougiaxis* v. *Morales & Contos & Compos*, 28 A D 2d 579). Similarly, the board has accepted the testimony of the doctor who found causal relation between the work efforts and the

infarction and, that issue having been resolved by the board in claimant's favor, it is final (*Matter of Palermo* v. *Gallucci & Sons,* 5 N Y 2d 529). Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Aulisi, J.